# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **FREDERICK JASON BOSSERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:22-cv-00960 |
| | ) |
| **JOHN DOE 1, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Frederick Jason Bosserman, an inmate at the Williamson County Jail in Franklin, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2). The Complaint is before the Court for initial review under the Prison Litigation Reform Act. For the following reasons, this case may proceed for further development. Plaintiff should consult the accompanying Order for further instructions.

**I.     Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the full filing fee in advance. (Doc. No. 2 at 3). Accordingly, the application will be granted, and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b).

**II.    Initial Review**

The Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1). Because Plaintiff is representing

himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

### A. Allegations

This case concerns Plaintiff's medical care by employees of the Williamson County Jail and Southern Health Partners (SHP) over a "2 or 3 month period" at the Jail. (Doc. No. 1 at 7). Liberally construing the Complaint in Plaintiff's favor, the Court has established the following summary of allegations for the purpose of initial review.

Plaintiff was rushed to the hospital, where he was diagnosed with gallstones. (Id.). Plaintiff was sent back to the Jail and placed in medical segregation for several months. (Id.). During this time, Plaintiff experienced severe pain and complications from gallstones, and he did not receive proper medical care or a proper diet. (Id.). Plaintiff did receive "multiple ultrasounds," and he was taken to get a CT scan from a specialist. (Id.). The specialist recommended surgery. (Id.). Plaintiff was sent back to the Jail, and at some point, he had another incident that required a trip to the emergency room. (Id.) The ER doctor told a Jail staff member that Plaintiff required emergency surgery for a ruptured gallbladder. (Id.). Jail staff refused to let Plaintiff have the surgery and conspired with SHP to have Plaintiff released from custody. (Id.).

After Plaintiff's release, he passed out and was taken to the hospital again. (Id.). Plaintiff had a serious blood infection and organ failure. (Id. at 6–7). He was transferred to another hospital, where he had two corrective surgeries and his gallbladder removed. (Id. at 7). Plaintiff still experiences digestive problems stemming from these events. (Id. at 6).

Plaintiff sues Williamson County, the Jail, Sheriff Dusty Rhodes, Jail Lt. Chad Youker, an unnamed Jail floor deputy, SHP, an unnamed SHP medical supervisor, and an unnamed SHP nurse. (Id. at 1–4). He requests monetary damages. (Id. at 6).

B.   **Legal Standard**

On initial review, the Court applies the Rule 12(b)(6) standard. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

C.   **Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

As an initial matter, the Court notes that the Williamson County Jail is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Camp Brighton, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases). The remaining Defendants, however—five individuals, Williamson County, and SHP—are state actors for Section 1983 purposes. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Shadrick v. Hopkins Cnty., Ky., 805 F.3d 724, 736 (6th Cir. 2015). Plaintiff brings claims against the individual Defendants in their individual and official capacities. (Doc. No. 1 at 2–4).

1.   **Individual-Capacity Claims**

Plaintiff names five individuals as Defendants, including Sheriff Rhodes, Lt. Youker, an unnamed Jail employee, and two unnamed SHP employees. After listing them on the Complaint

3

form, however, Plaintiff does not describe any specific actions by these Defendants in the body of the Complaint. That is insufficient to state an individual-capacity claim. See Gilmore v. Corr. Corp. of. Am., 92 F. App'x 188, 190 (6th Cir. 2004) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 155–57, (1978)) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983."). Therefore, Plaintiff's individual-capacity claims will be dismissed.

### 2. Official-Capacity Claims

Official-capacity claims are equivalent to claims against the entity that a defendant represents. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). In this case, the Jail employees represent Williamson County, while the SHP employees represent SHP. (Doc. No. 1 at 2–4). Because the County and SHP are separately named as Defendants, it is redundant to bring official-capacity claims against the individuals representing those entities. These redundant official-capacity claims will be dismissed. See J.H. v. Williamson Cnty., Tenn., 951 F.3d 709, 723 n.4 (6th Cir. 2020) (citing Foster v. Michigan, 573 F. App'x 377, 390 (6th Cir. 2014)) ("The district court correctly dismissed these official capacity claims as superfluous of the claim against the county.").

### 3. Williamson County and SHP

Plaintiff asserts that Williamson County and SHP denied him adequate medical care. (Doc. No. 1 at 3). As a convicted prisoner (id. at 5), the Eighth Amendment protects Plaintiff from deliberate indifference to serious medical needs by Jail doctors and officials. Richmond v. Huq, 885 F.3d 928, 937 (6th Cir. 2018) (quoting Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001)). To state a claim on this basis, Plaintiff must show, objectively, that he had a sufficiently serious medical need, and subjectively, that a Jail doctor or official knew of and disregarded that

medical need. See Dominguez v. Corr. Med. Servs., 555 F.3d 543, 550 (6th Cir. 2009) (citations omitted). And to state a Section 1983 claim against entities like Williamson County and SHP, Plaintiff must allege not only that he suffered a constitutional violation, but that the violation was caused by a policy or custom of that entity. See Hardrick v. City of Detroit, Michigan, 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell, 436 U.S. at 690–92) (municipality); Savoie v. Martin, 673 F.3d 488, 494 (6th Cir. 2012) (quoting Miller v. Sanilac Cnty., 606 F.3d 240, 255 (6th Cir. 2010)) (private entity).

### a. Disagreement with Treatment at the Jail

Plaintiff's assertion of improper treatment at the Jail for a "2 or 3 month period" after his gallstone diagnosis is not supported by sufficient facts to state a claim. That is, Plaintiff does not provide any specific examples of improper treatment by Jail or SHP staff during this time, and he acknowledges being placed in medical segregation, receiving multiple ultrasounds, and getting a CT scan. As alleged, therefore, Plaintiff's concern with this care at the Jail—before his gallbladder ruptured—is the type of disagreement with medical providers that does not rise to the level of a constitutional violation. See Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)) ("In evaluating a deliberate indifference claim, '[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment.' Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'").

### b. Decision to Release Plaintiff Rather than Allow Surgery

Accepting the allegations as true, however, Plaintiff states a claim against Williamson County and SHP based on acts that occurred after he was rushed from the Jail to the hospital with

5

a ruptured gallbladder. Plaintiff's medical needs at that time, including being diagnosed by an ER doctor as requiring emergency surgery, were sufficiently serious. See Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008) (citing Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 896 (6th Cir. 2004)) (noting that serious medical needs include those "diagnosed by a physician as mandating treatment"). Plaintiff alleges knowing disregard of this need through his allegation that a Jail official refused to allow Plaintiff to have the surgery after the doctor stated that the surgery was medically required. And as for a policy or custom, Plaintiff alleges that the Jail and SHP conspired to have him released rather than receive surgery. The Court liberally construes this as an allegation that Williamson County and SHP have a policy or custom of releasing inmates in need of necessary medical treatment. At this stage in the proceedings, it is reasonable to infer that this policy or custom caused the asserted constitutional violation. Accordingly, Plaintiff may proceed with a claim against Williamson County and SHP based on their alleged decision to release Plaintiff from custody when he was in need of emergency surgery for a ruptured gallbladder.

### III. Conclusion

For these reasons, Plaintiff will be granted pauper status and he may proceed with an Eighth Amendment claim of deliberate indifference to serious medical needs against Williamson County and SHP for allegedly releasing him from custody when he required emergency surgery for a ruptured gallbladder. The other claims and Defendants will be dismissed.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE