# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **FREDERICK JASON BOSSERMAN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00960** |
| | ) | **Chief Judge Crenshaw / Frensley** |
| **WILLIAMSON COUNTY, SOUTHERN** | ) | |
| **HEALTH PARTNERS, et al.,** | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND BACKGROUND

This matter is before the Court two Motions to Dismiss: the first, filed by Defendants Williamson County and Chad Youker (Docket No. 26), and the second, filed by Defendant Southern Health Partners (Docket No. 28). As grounds for their Motions, Defendants argue that Plaintiff's claims are time-barred. *Id.* Along with their Motions, Defendants have contemporaneously filed supporting Memoranda of Law. Docket Nos. 27, 29.

Plaintiff has filed one Response and supporting Memorandum, which appears to be intended to respond to both pending Motions to Dismiss. *See* Docket No. 46. In his Response, Plaintiff denies that the statute of limitations has run and argues that his proposed Second Amended Complaint would add additional information that would establish that his claims are timely. *Id.* Specifically, Plaintiff sought to again amend his Amended Complaint to add that he was advised in January or February of 2022 that surgery was necessary. *Id.* Plaintiff's Motion for leave to again amend his Amended Complaint, however, was denied by the undersigned on July 21, 2023, ten days before Plaintiff mailed his Response. *See* Docket Nos. 44, 46. As explained by the undersigned in the Order denying Plaintiff's Motion to again amend his Amended Complaint:

The court has previously summarized the Plaintiff's allegations for purposes of initial review finding the problems Plaintiff experienced with gallstones and the inadequate treatment he alleges he received from the Defendant several months prior to his release from custody on July 16, 2021. Docket No. 45, p. 2. The Plaintiff asserts that the lack of proper medical care and diet resulted in his experiencing severe pain during that time. Docket No. 1, p. 7. He asserts that he was given multiple ultrasounds and on at least two occasions he was advised of the need for surgery. *Id.* He contends that the Defendants conspired to have him released from custody presumably in order to avoid providing him with the necessary surgery. *Id.* Shortly after his release, he asserts that he was "diagnosed with septicemia and organ failure from lack of medical care." *Id.* Thereafter, he had two corrective surgeries and his gallbladder removed. *Id.*

Based upon these facts, it is clear that the Plaintiff was aware of both the medical problems he faced as well as the alleged deficiency in providing medical care asserted against the Defendants at the time of his release from custody and subsequent procedures. At that time, he had been advised both that he had the medical problems, and that surgery was necessary to address the medical problems. The proposed amendment to the Complaint that he was advised in January or February of 2022 that surgery was necessary would have no impact on the Plaintiff's claims. The information Plaintiff asserts he learned in January or February of 2022 is essentially the same information he had at the time of his release from custody in July of 2021, and surgeries shortly thereafter. Because the amendment would add nothing beyond what was already known and has already been pled and because it would have no impact on the Court's determination of the arguments asserted in the motion to dismiss regarding the statute of limitations, the amendment is futile and should be DENIED.

Docket No. 44.

Plaintiff, *pro se*, filed his Amended Complaint in this action alleging that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs by allegedly releasing him from custody when he required emergency surgery for a ruptured gallbladder. Docket No. 22.[1] Following his release from custody on July 16, 2021, Plaintiff was hospitalized with septicemia and organ failure requiring two corrective surgeries and the removal of his gallbladder. *Id*. Plaintiff asserts that he still experiences digestive problems related to these events. *Id*. Plaintiff seeks compensatory and punitive damages, along with declaratory relief. *Id*.

---

[1] Plaintiff filed his original Complaint in this action on November 29, 2022. *See* Docket No. 1.

For the reasons discussed below, the undersigned finds that Plaintiff's claims are time-barred. Accordingly, the undersigned recommends that the instant Motions to Dismiss (Docket Nos. 26, 28) be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE**.

## II.     ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT[2]

On May 27, 2021, Plaintiff was taken to the Williamson County Medical Center Emergency Room after complaining of chest pains, abdominal pressure, and high blood pressure. Docket No. 22. On June 12, 2021, Plaintiff was "moved to medical" after complaints of severe abdominal pain and blood in vomit. *Id.* Plaintiff passed out in his cell after being "moved to medical" and had to be revived by staff. *Id.* The following day, on June 13, 2021, Plaintiff was seen by Southern Health Partners and underwent an x-ray. *Id.* The next day, on June 14, 2021, Plaintiff underwent an ultrasound which revealed gallstones and a thickened gallbladder wall. *Id.* Thereafter, on June 15, 2021, Plaintiff was moved to a medical pod for closer observation, and he continued to complain of blood in vomit until his release on July 16, 2021. *Id.*

On July 2, 2021, Plaintiff had a court date for his fourth probation violation. *Id.* The District Attorney and Plaintiff's attorney set a probation revocation hearing for September. *Id.*

On July 8, 2021, Southern Health Partners ordered a CT scan for Plaintiff, which he received the following day, on July 9, 2021. *Id.*

On July 11, 2021, Plaintiff spoke to his attorney, who was contacted by both Jail administrators and Southern Health Partners medical staff about working out an arrangement with the District Attorney to have Plaintiff released from custody because of health. *Id.*

On July 14, 2021, Plaintiff was taken to "MTMHI, part of the Williamson County Medical

---

[2] Unless otherwise noted, the following allegations are contained in Plaintiff's Amended Complaint. Docket No. 22.

3

Center," by Lt. Chad Youker. *Id.* After a scan, Plaintiff was directed to complete paperwork. *Id.* While Plaintiff was answering questions, he, along with Lt. Youker, were approached by the medical professional that oversaw the scan. *Id.* The medical professional addressed both Plaintiff and Lt. Youker, stating that Plaintiff was "in imminent need of immediate medical care and recommended an emergency room visit." *Id.* Lt. Youker refused to let Plaintiff talk to the medical professional and Plaintiff was taken back to the Jail. *Id.*

Thereafter, Plaintiff had a phone interview with Oxford House, arranged by his attorney as part of a deal with the District Attorney to release Plaintiff for medical concerns, initiated by Southern Health Partners and Jail administrators. *Id.*

The following day, on July 15, 2021, Plaintiff was seen by a Southern Health Partners physician. *Id.* During Plaintiff's visit, the doctor stated that he directed his staff to make arrangements with Jail administrators and Plaintiff's attorney "to organize Plaintiff's release from custody, along with a court date" on July 16, 2021. *Id.*

Plaintiff was released from the custody of the Williamson County Jail on July 16, 2021. *Id.*

Several days after Plaintiff's release from the Williamson County Jail, Plaintiff passed out and was rushed to Summit Hospital, where he was hospitalized with septicemia and organ failure due to a ruptured gallbladder. *Id.* Plaintiff's sepsis was treated at Summit Hospital, and he was transported to Centennial Hospital where he underwent two surgical procedures to remove his gallbladder. *Id.*

Upon Plaintiff's release from the hospital, Plaintiff was prescribed bed rest for 30 to 60 days and told not to work and not to lift more than 10 pounds. *Id.* Plaintiff has continued to deal with pain and sensitivity to certain foods, "along with other symptoms that have persisted" since around June 12, 2021, which has affected his ability to perform as a chef and for which he may

need "constant care with medication or another medical procedure." *Id.*

Plaintiff filed the instant action on November 29, 2022. Docket No. 1.

### III.    LAW AND ANALYSIS

#### A.    Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

The court will construe the complaint in the light most favorable to the nonmoving party, accept its allegations as true, and draw all reasonable inferences in favor of the nonmoving party. *See Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the pleadings contain "a short and plain statement of the claim" that will provide fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8.

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft*

*v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

## B.    42 U.S.C. § 1983

### 1.    Generally

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983.

*See* Docket Nos. 1, 22. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under

6

color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994)*.*

### 3. Statute of Limitations

The statute of limitations for a §1983 action in Tennessee is one year. Tenn. Code Ann. § 23-3-104(a). Dismissal is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Surles v. Anderson*, 678 F.3d 452, 458 (6th Cir. 2012), *quoting Jones v. Bock*, 549 U.S. 199, 215 (2007).

### C. The Case at Bar

Presently pending are Defendants' Motions to Dismiss. Docket Nos. 22, 28. As grounds for their Motions, Defendants argue that Plaintiff's claims are time-barred. *Id.* Specifically, Defendants argue that the events of which Plaintiff complains took place between May 27, 2021 and July 16, 2021, but that Plaintiff did not file this action until November 29, 2022, outside of the one year statute of limitations period for §1983 actions. Docket Nos. 23, 29. Because Plaintiff filed this action beyond the permissible one-year limitations period, Defendants contend that this action must be dismissed. *Id.*

In the instant action, Plaintiff's averments span events occurring May 2021 through July 2021. *See* Docket No. 22. Accordingly, Plaintiff's cause of action accrued when he was released from the Williamson County Jail on July 16, 2021, or, at the latest, when he was hospitalized with septicemia and organ failure, and underwent two surgical procedures for a ruptured gallbladder shortly after his release from the Jail on July 16, 2021. *Id.* Plaintiff therefore had until July 2022 to file suit. Tenn. Code Ann. § 23-3-104(a). Plaintiff failed to do so. Because Plaintiff did not bring this action until November 29, 2022, it is outside the one-year statute of limitations and time-barred. *Id.*; Tenn. Code Ann. § 23-3-104(a).

As discussed above, Plaintiff's allegation in his denied Motion to again amend his Amended Complaint that he was advised in January or February of 2022 that his gallbladder should have been removed before it ruptured does not change the fact that he had already been advised that he had medical problems and that surgery was necessary. The information Plaintiff asserts he learned in January or February of 2022 is essentially the same information he had at the time of his release from custody in July of 2021, and surgeries shortly thereafter. Accordingly, this allegation does not change the fact that Plaintiff's claims are time-barred, and this action should be dismissed with prejudice.

8

## IV.    CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's claims are time-barred. Accordingly, the undersigned recommends that the instant Motions to Dismiss (Docket Nos. 26, 28) be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

9